UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSHUA HINDS,

                             **Plaintiff,**

  vs.                                                9:24-CV-1210
                                                            (MAD/DJS)

**C.O. WILCOX,**

                             **Defendant.**
_____

APPEARANCES:                                      OF COUNSEL:

**JOSHUA HINDS**
A#202-090-0892
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, New York 14020
Plaintiff, *Pro Se*

**OFFICE OF THE NEW YORK STATE**        RACHAEL OUIMET, AAG
**ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff Joshua Hinds ("Plaintiff"), *pro se*, was an incarcerated individual in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at all relevant times. Plaintiff brings an Eighth Amendment claim, pursuant to 42 U.S.C. § 1983, alleging that a corrections officer ("C.O.") at Clinton Correctional Facility ("Clinton") used excessive force against him. *See* Dkt. Nos. 1, 21-1. Specifically, Plaintiff alleges Defendant C.O. Kevin Wilcox ("Defendant") "used excessive force by assaulting [him] in an unjust an [sic]

1

unprovoked attack by choking [him] by the neck, slamming [him] to the ground and repeatedly striking [him] with his closed fist to [his] head and face." Dkt. No. 1 at 5.  Plaintiff does not allege the year in which this event occurred; however, Defendant surmises that the alleged assault occurred in 2023, based on the years of Plaintiff's incarceration at Clinton.  *See* Dkt. No. 21-1 at 3.  Plaintiff seeks relief in the amount of $250,000.  *See* Dkt. No. 1 at 7.

Presently before the Court is Magistrate Judge Stewart's Report-Recommendation and Order recommending that Defendant's motion for summary judgment brought pursuant to Rule 56(a) of the Federal Rule of Civil Procedure be granted.  *See* Dkt. Nos. 21, 27.  Plaintiff did not respond to the motion.[1]  For the reasons that follow, the Report-Recommendation and Order is adopted in its entirety.

As an initial matter, the Court assumes the parties' familiarity with the relevant factual background in this matter and adopts the factual recitation contained in Magistrate Judge Stewart's Report-Recommendation and Order.  *See* Dkt. No. 27.  However, the Court includes the following brief recitation of facts to frame the issues decided herein.

Plaintiff was housed at Clinton from January 20, 2023, to July 6, 2023.  *See* Dkt. No. 21-1 at 4; Dkt. No. 21-6 at ¶ 18.  After the alleged assault, Plaintiff was transferred to Upstate Correctional Facility ("Upstate") and housed in Upstate's Residential Rehabilitation Unit from July 6, 2023, to September 14, 2023.  Dkt. No. 21-1 at 4; Dkt. No. 21-5 at ¶ 16.  As per DOCCS' policy, both Clinton and Upstate had fully functioning and available inmate grievance programs ("IGP") during Plaintiff's time of incarceration.  *See* Dkt. No. 21-5 at ¶ 17; Dkt. No. 21-6 at ¶ 19.

---

[1] Defendant's motion was filed on March 7, 2025.  *See* Dkt. No. 21.  According to the Buffalo Federal Detention Facility, Plaintiff was deported on March 19, 2025.  *See* Dkt. No. 24.  The Court then *sua sponte* granted Plaintiff a three-month extension to oppose the motion for summary judgment.  *See* Dkt. No. 25.  Plaintiff did not file a response to Defendant's motion or objections to the Report-Recommendation and Order.

2

Magistrate Judge Stewart concluded that because Defendant adduced evidence of Clinton and Upstate's fully functioning IGPs and Plaintiff offered no evidence suggesting the grievance process was unavailable to him, the summary judgment motion should be granted based on Plaintiff's failure to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act's ("PLRA"). *See* Dkt. No. 27 at 8. Plaintiff has not objected to this conclusion. Rather, the Report-Recommendation and Order was returned as undeliverable from the Buffalo Federal Detention Center on September 9, 2025. *See* Dkt. No. 28.

When a party declines to file objections to a magistrate judge's report-recommendation, the district court reviews the report-recommendation for clear error. *See Hamilton v. Colvin*, 8 F. Supp. 3d 232, 236 (N.D.N.Y. 2013). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has stated that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely "because of their lack of legal training." *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Summary judgment may only be granted if the movant shows there is no genuine dispute as to any material fact and if the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In determining whether summary judgment is appropriate, the court "'cannot try issues of fact; it can only determine whether there are issues to be tried.'" *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36-37 (2d Cir. 1994) (quoting *Donahue v. Windsor Locks Bd. Of Fire Comm'rs*, 834 F.2d 54, 58 (2d Cir. 1987)). Where a non-movant fails to respond to a motion for

summary judgment, "a district court has no duty to perform an independent review of the record to find proof of a factual dispute—even if that nonmoving party is proceeding *pro se*." *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 426 (N.D.N.Y. 2009) (footnote omitted).  Generally, "[t]he Court may deem admitted any properly supported facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert." N.D.N.Y. L. R. 56.1(b) (emphasis omitted); *see also Guishard v. Gregory*, No. 9:19-CV-1475, 2022 WL 7287712, *2 (N.D.N.Y. Aug. 11, 2022) (quoting *T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009)); *Beers v. GMC*, No. 97-CV-482, 1999 WL 325378, *8-9 (N.D.N.Y. May 17, 1999).

Plaintiff did not respond to Defendant's motion for summary judgment; therefore, Magistrate Judge Stewart appropriately found no genuine disputes as to any material fact presented by Defendant.  *See* Dkt. No. 27.  More specifically, as explained by Magistrate Judge Stewart, under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also* Dkt. No. 27 at 5.  The exhaustion requirement "applies to all inmate suits about prison life . . . [including] excessive force." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Conklin v. Bowen*, No. 9:12-CV-01478, 2014 WL 4063294, *2 (N.D.N.Y. Aug. 14, 2014).  While being housed in a DOCCS facility, Plaintiff was required to go through a three-step administrative review process to properly exhaust his administrative remedies, as follows: (1) file a grievance with the Inmate Grievance Resolution Committee ("IGRC"), (2) appeal an adverse decision by the IGRC to the superintendent of the facility, and (3) appeal an adverse decision by the superintendent to the Central Office Review Committee ("CORC").  *See* 7 N.Y.C.R.R. § 701.5; *see also* Dkt. No. 21-5 at ¶ 5.

As Magistrate Judge Stewart correctly observed, *see* Dkt. No. 27 at 7-10, Defendant has provided evidence from Clinton and Upstate showing that during the applicable time periods, no grievance was filed by Plaintiff. *See* Dkt. No. 21-5 at Exh. A; Dkt. No. 21-6 at Exh. A. Additionally, the uncontradicted record contains no evidence that Plaintiff appealed a grievance decision to the superintendent or the CORC.

As stated by Magistrate Judge Stewart, once Defendant established that no grievance was filed, Platiniff bore the burden of establishing that the grievance procedures were unavailable to him. *See* Dkt. No. 27 at 8 (citing *Martin v. Wyckoff*, No. 9:16-CV-00717, 2018 WL 7356771, *5 (N.D.N.Y. Oct. 16, 2018), *R. & R. adopted*, 2019 WL 689081 (N.D.N.Y. Feb. 19, 2019)). Because Plaintiff has not presented evidence that the grievance process was unavailable to him, the Court finds no clear error in Magistrate Judge Stewart's conclusion that summary judgment based on Plaintiff's failure to exhaust his administrative remedies is warranted. *See Booker v. Iacobucci*, No. 9:23-CV-218, 2024 WL 5454791, *3 (N.D.N.Y. Nov. 20, 2024), *R. & R. adopted*, 2025 WL 582851 (N.D.N.Y. Feb. 24, 2025).

As a final note, the Court would be remiss if it did not mention that granting summary judgment against a *pro se* plaintiff for failure to respond to a motion filed two weeks before he was deported is disconcerting. However, Defendant has presented evidence that Plaintiff never filed a grievance at either facility in which he was housed, and Plaintiff's complaint contains no allegations that he made attempts to file a grievance that were frustrated or thwarted. Ultimately, it is a plaintiff's duty to prosecute his or her case and civil defendants are entitled to timely adjudication of claims brought against them. *See* N.D.N.Y. L.R. 10.1(c)(2).

Accordingly, after carefully reviewing the Report-Recommendation and Order, the parties' submissions, and the applicable law, the Court hereby

    **ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 27) is **ADOPTED** in its entirety; and the Court further

    **ORDERS** that Defendant's motion for summary judgment (Dkt. No. 21) is **GRANTED**; and the Court further

    **ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED with prejudice**; and the court further

    **ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

    **ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules

**IT IS SO ORDERED.**

Dated: February 9, 2026
       Albany, New York

_[signature]_
Mae A. D'Agostino
U.S. District Judge